# UNITED STATES DISTRICT COURT
# DISTRICT OF MINNESOTA

DERRICK VONN SMITH,

               Plaintiff,

v.

OLMSTED COUNTY SHERIFF'S
DEPARTMENT, DEPUTY
SCHOENFELDER, RICHARD NERSTAD,
ROCHESTER FEDERAL MEDICAL
CENTER, and HARRIS COUNTY
PROBATION,

               Defendants.

**MEMORANDUM OF
LAW AND ORDER**
Civil File No. 21-01703 (MJD/DTS)

Derrick Von Smith, Plaintiff, pro se.

Gregory J. Griffiths, Dunlap & Seeger, Attorneys for Defendants Olmsted
County, Minnesota and Deputy Schoenfelder; Gregory J. Griffiths, Dunlap &
Seeger and James Butt, Assistant Harris County Attorney, Attorneys for
Defendant Harris County Probation; Liles Harvey Repp, Assistant United States
Attorney, Attorney for Defendants Rochester Federal Medical Center and
Richard Nerstad.

This matter is before the Court on Plaintiff's Motion to Reinstate his Case.

(Doc. 58.)  Plaintiff asks to "allow [his] case back in the court" because at the time

the case was dismissed, he was "in Mclennan County hold and never received

anything saying [the] case [was] dismissed."  (Id.)

1

Even if the Court interprets this motion as either a Motion to Alter or Amend Judgment under Federal Rule of Civil Procedure 59(e) or a Motion for Relief from Judgment under Federal Rule of Civil Procedure 60(b), the motion would be denied.  The motion is untimely under Rule 59(e) because it was not filed within 28 days after entry of judgment.

While the motion is timely under Rule 60(b) "excusable neglect" or (d)(1) "the court's power to entertain an independent action to relieve a party from a judgment order," which appear to be the only bases upon which Plaintiff can rely, these are not reasons to grant Plaintiff relief from judgment.  Plaintiff cites no errors with the Court's December 1, 2022 Order ("the Order.")

 Although Plaintiff had not responded to the various motions to dismiss at the time, the Court noted that failure to respond, alone, was not reason for the Court to grant the motions and addressed the motions on the merits.  (Doc. 55 at 5.)  The Court discussed all of Defendants' motions in detail.  The motions were granted based on lack of jurisdiction and qualified immunity.  Upon review, the Court finds no basis upon which to reopen this case.  Plaintiff states no basis.

Plaintiff filed his response to the Defendants' motions to dismiss on December 22, 2022, 21 days after the Court entered Judgment in this case.  (Doc.

57.)  The Court addressed all the issues raised in this response in the Order.

Although Plaintiff couches one argument related to the Texas arrest warrant in

terms of attorney representations, something he did not allege in the Amended

Complaint, that argument would not have changed the Court's decision because

Plaintiff's arrest in Minnesota based on the Texas warrant was supported by law.

That Plaintiff filed his response 21 days after the Judgment he seeks to

reopen more than 10 months after that Judgment was filed undermines his stated

reason for the late filing.  Plaintiff was clearly not unable to access Court

documents and/or to file documents with the Court for 10 months.

Accordingly, based on all the files, records, and proceedings herein, **IT IS**

**HEREBY ORDERED**  that Plaintiff's Motion to Reinstate his Case **[Doc. 58]** is

**DENIED**.

## **LET JUDGMENT BE ENTERED ACCORDINGLY.**

Date:  November 2, 2023

s/Michael J. Davis
Michael J. Davis
United States District Court

3